UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
CLAUDIA SORIANO,

                Plaintiff,

    -against-

CITY OF NEW YORK, NAIKEE
CABALLERO, and MICHAEL QUINONES,

                Defendants.
------------------------------------X

14 CV 7538

JUDGE SCHOFIELD

**COMPLAINT**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

Plaintiff Claudia Soriano, by her attorneys, Lumer & Neville, as and for his Complaint, hereby alleges as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

1. At all times hereinafter mentioned, plaintiff was an adult female resident of the State of New Jersey.

2. At all relevant times hereinafter mentioned, defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

3. At all relevant times hereinafter mentioned, defendant Naikee Caballero, whose tax identification number is 951574, was employed by the City of New York as a member of the NYPD. Caballero is sued herein in her official and individual capacities.

4. At all relevant times hereinafter mentioned, defendant Michael Quinones, whose tax identification number is 953282, was employed by the City of New York as a member of the NYPD. Quinones is sued herein in his official and individual capacities.

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

6. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Southern District of New York, where the defendant City of New York resides, and where the majority of the actions complained of herein occurred.

7. That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## RELEVANT FACTS

8. On or about August 10, 2013, at or about 11:00 p.m., plaintiff was in the vicinity of 520 W. 164 Street, in New York County, where she was visiting with a friend.

9. Ms. Soriano, and several other individuals were lawfully present in the above vicinity when the two individual defendants approached.

10. Neither Ms. Soriano, nor anybody present with Ms. Soriano, was engaged in any criminal or unlawful conduct, nor would it have been reasonable to believe that such conduct was occurring.

11. Upon approaching, the defendant officers asked Ms. Soriano and the others present if anybody was drinking alcohol.

12. Nobody was drinking alcohol.

13. Quinones demanded identification from plaintiff and others present, and told plaintiff to "shut up" when she asked why he needed her identification.

14. As these conversations were occurring, plaintiff received a call on her cell phone. When she answered, she turned and began to walk away from the officers to speak privately on the phone.

15. Quinones follows and intercepts plaintiff, telling her to get off the phone and that she is under arrrest.

16. Quinones then directed Caballero to handcuff plaintiff, Caballero then did.

17. At no time did plaintiff resist her arrest in any fashion.

18. While this was occurring, a friend of the plaintiff intervened, asking the officers why they were arresting plaintiff. The officers responded by arresting plaintiff's friend.

19. Plaintiff was transported to a local area police station house where she was imprisoned for a period of hours while her arrest was processed.

20. Plaintiff was later transported to Central Booking, where she was imprisoned for many more hours.

21. While plaintiff was were imprisoned by the defendants, defendant

Caballero completed arrest paperwork in which she made several materially false statements to justify and cover up the unlawful arrest of plaintiff.

22. For instance, Caballero expressly claimed that she observed plaintiff among a group of people sitting on chairs on the sidewalk, and she "observed that the sidewalk was blocked and observed pedestrians have to walk into the street to get by," and that she "observed several members of the group were drinking alcohol." Caballero further claimed that plaintiff "began yelling at [the defendants]", and that she "observed a crowed of approximately 25 people gather and look concerned and alarmed." Caballero further claimed that when she was arresting plaintiff, she "observed [plaintiff] stiffen her arms and pull them away in order to avoid being handcuffed."

23. The above statements by Caballero are a non-exhaustive list of materially false allegations made by the defendant concerning the circumstances of plaintiff's arrest.

24. These factual allegations by Caballero were materially false as the people with whom plaintiff was visiting were not blocking the sidewalk or obstructing pedestrian traffic; none of the people present appeared to be drinking alcohol; plaintiff did not yet at the defendants; no crowd gathered at all, much less 25 people with expressions of concern or alarm; and plaintiff did not resist her arrest in any way.

25. Caballero forwarded these false allegations to the New York County District Attorney ("NYDA") in order to justify the arrest and to persuade the NYDA to commence the plaintiff's criminal prosecution.

26. Quinones was aware of the arrest and participated in or was otherwise aware of the creation of these false factual grounds for plaintiff's arrest.

27. Caballero and Quinones knew and understood that the NYDA, in evaluating whether to commence a criminal prosecution against the plaintiff, was relying on the truthfulness of the officers' claims and was assuming that all of these factual statements and claims the defendants were relaying were truthful in all material respects.

28. As a direct result of these allegations by the defendants, the plaintiff was criminally charged by the NYDA under docket 2013NY062639 with one count of resisting arrest and two counts of disorderly conduct.

29. Plaintiff's friend, who attempted to intervene in the plaintiff's arrest was also arrested. No other people present were arrested.

30. Plaintiff returned to court on multiple occasions before agreeing to an Adjournment in Contemplation of Dismissal.

31. The individual defendants intentionally and deliberately transmitted false statements to their supervising officers and the NYDA and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

## FIRST CAUSE OF ACTION

32. Plaintiff repeats the allegations contained in each of the preceding paragraphs.

33. Defendants willfully and intentionally seized, and arrested plaintiff, and caused her to be imprisoned, without probable cause, and without a reasonable basis to believe such cause existed.

34. Defendants willfully and intentionally fabricated evidence and denied plaintiff's right to due process by falsely claiming that they observed plaintiff engaged in unlawful or criminal conduct when they knew this to be untrue, and then forwarded these materially false factual claims to the NYDA in order to bring about and cause the criminal prosecution of the plaintiff.

35. By so doing, the individual defendants, individually and collectively, subjected the plaintiff to false arrest and imprisonment and the deprivation of her right to due process and a fair trial through the use of fabricated evidence, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

36. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of her constitutional rights.

## SECOND CAUSE OF ACTION

37. Plaintiff repeats the allegations contained in each of the preceding paragraphs.

38. Defendant City of New York was responsible for ensuring that

reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

39. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers, fabrication of evidence, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

40. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

41. The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise,

investigate, promote and discipline police and correction officers and supervisory officers.

42. The failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

43. The official policies, practices and customs of the City of New York and the NYPD alleged herein violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the Constitution of the United States.

44. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures, and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD

45. Therefore the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of the plaintiff's rights in particular.

46. By reason thereof, the municipal defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of her constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

  i. on the first cause of action, actual and punitive damages in an amount to be determined at trial;

  ii. on the second cause of action, actual damages in an amount to be determined at trial; and

  iii. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

  iv. such other relief as the Court deems just and proper.

Dated:  September 15, 2014
        New York, New York

>                    LUMER & NEVILLE
>                    Attorneys for Plaintiff
>                    225 Broadway, Suite 2700
>                    New York, New York 10007
>                    (212) 566-5060
>
> By: _____
>     Michael B. Lumer (ML-1947)